UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

Case No. _____

KAREN E. HENDERSON,

    Plaintiff,

v.

WELLS FARGO CLEARING SERVICES, LLC.
F/K/A WELLS FARGO ADVISORS, LLC.
F/K/A WACHOVIA SECURITIES, LLC.,

    Defendant.
_____/

**NOTICE OF REMOVAL BY DEFENDANT**
**WELLS FARGO CLEARING SERVICES, LLC**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Wells Fargo Clearing Services, LLC ("WFCS"), hereby removes the above-entitled action, Case No. 2022 CA 001672 F, from the Circuit Court of the First Judicial Circuit, in and for Okaloosa County, Florida, to the United States District Court for the Northern District of Florida, Pensacola Division. This Notice is based upon the original jurisdiction of the United States District Court over the parties under 28 U.S.C. § 1332 based upon complete diversity of citizenship. In support of its Notice of Removal, WFCS states to the Court as follows:

## JURISDICTION AND VENUE ARE PROPER

1. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a), and is one which may be removed to this Court by WFCS pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332, 1441(a), and 1446(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. sections 1441(a) and 1446.

## STATUS OF PLEADINGS AND PROCESSES

3. This lawsuit arises out of the brokerage account relationship between Karen E. Henderson, a resident of Okaloosa County, Florida, and WFCS, a limited liability company organized and existing under the laws of the State of Delaware.

4. On or about June 2, 2022, Plaintiff Karen E. Henderson filed a Complaint in the Circuit Court of the First Judicial Circuit, in and for Okaloosa County, Florida, Case No. 2022 CA 001672 F. *Attached hereto as Exhibit "A" is a true and correct copy of the Complaint.*

5. The Complaint sets forth three causes of action: (1) Fraud; (2) Breach of Fiduciary Duty; and (3) Exploitation of a Vulnerable Adult. *See Complaint.*

6. On June 13, 2022, WFCS was served with a copy of Complaint.

7. The documents attached as Exhibit "A" constitute all of the papers and processes that have been filed or received in the proceeding. To the best of Defendant's knowledge, Plaintiff has not filed any other documents in the proceeding. The attachments thereby satisfy the requirements of 28 U.S.C. § 1446(a).

## NOTICE TO STATE COURT AND PETITIONER'S COUNSEL

8. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of Florida, the Notice of Filing of Notice of Removal, will be served upon Plaintiff's counsel and filed with the Clerk of the First Judicial Circuit in and for Okaloosa County, Florida as required by 28 U.S.C. § 1446(d).

## DEFENDANT'S REMOVAL IS TIMELY

9. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). Defendant WFCS filed this Notice within 30 days after service of the Complaint.

## DIVERSITY OF CITIZENSHIP EXISTS

10. The Court has jurisdiction over this action because complete diversity of citizenship between citizens of different states exists and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

11. Diversity of citizenship exists so long as no plaintiff is the citizen of the same state as any defendant at the time the action was filed and at the time of

removal. 28 U.S.C. § 1441(a).

12. <u>Plaintiff's Citizenship</u>: Citizenship of a natural person is established by domicile. 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled). A person's domicile is established by physical presence and intent to remain indefinitely. <u>McCormick v. Aderholt</u>, 293 F.3d 1254, 1257-58 (11th Cir. 2002); <u>see also Melian v. I.N.S.</u>, 987 F.2d 1521, 1524 (11th Cir. 1993) (The court stated, "[domicile] it is generally understood to mean the place where an individual establishes both physical presence and an intent to remain indefinitely.")

13. According to the Complaint, at the time this action was commenced and at the time of removal, Plaintiff Karen E. Henderson, is a citizen of the state of Florida. (Complaint ¶2).

14. <u>WFCS's Citizenship:</u> For diversity purposes, "the citizenship of a limited liability company is determined by the citizenship of its members." <u>Pursuit Special Credit Opportunity Fund, L.P. v. Krunchcash</u>, No. 21-81979, 2022 U.S. Dist. LEXIS 8625, at *2 (S.D. Fla. Jan. 18, 2022).

15. WFCS is a limited liability company organized and existing under the laws of the State of Delaware.  WFCS's sole member is Wachovia Securities Financial Holdings, LLC ("Wachovia"), a limited liability company organized and existing under the laws of the State of Delaware.  Wachovia's sole member is EVEREN Capital Corporation, a corporation organized and existing under the laws

of the State of Delaware, with its principal place of business in Charlotte, North Carolina. Therefore, for purposes of diversity jurisdiction, Defendant is a citizen of Delaware and North Carolina.  Accordingly, Defendant is now, and was at all material times, a citizen of states other than Florida within the meaning of 28 U.S.C § 1332(c).

16. Accordingly, because Plaintiff is a citizen of Florida and WFCS is a citizen of Delaware and North Carolina, complete diversity of citizenship exists between these parties.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

17. The Petition seeks damages in excess of $337,500.  Thus, the matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and the amount is controversy requirement is satisfied pursuant to 28 U.S.C. § 1332(a).

**WHEREFORE**, having provided notice as required by law and based on the above, Defendant Wells Fargo Clearing Services LLC respectfully requests that the above-entitled action should hereby be removed from the First Judicial Circuit in and for Okaloosa County, Florida to this honorable District Court.

Dated: July 12, 2022              Respectfully submitted,

By: *s/ Sara Soto*
Sara Soto
Florida Bar No. 265152
Leonel Peraza, Jr.

        Florida Bar No. 0099089
        Bressler, Amery & Ross, P.C.
        200 S. Biscayne Blvd., Suite 2401
        Miami, Florida 33131
        Telephone:  (305) 501-5485
        Facsimile:   (305) 501-5499
        Primary E-mail: ssoto@bressler.com
        Primary E-mail: lperaza@bressler.com
        Secondary E-mail: ktoulon@bressler.com
        Secondary E-mail: mgomez@bressler.com
        *Counsel for Defendant Wells Fargo*
        *Clearing Services, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner.  In addition, I served counsel for Plaintiff by electronic mail, as follows:

        Robert S. Rushing, Esq.
        Travis M. Morock, Esq.
        William R. Hahn, Esq.
        Carver, Darden, Koretzky, Tessier, Finn, Blossman & Areaux LLC
        151 West Main Street, Suite 200
        Pensacola, Florida 32502
        rushing@carverdarden.com
        morock@carverdarden.com
        hahn@carverdarden.com

        By: *s/ Sara Soto*
             Sara Soto