# EXHIBIT A

Filing # 150754547 E-Filed 06/02/2022 03:13:43 PM

## IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

KAREN E. HENDERSON,

          Plaintiff,

v.                                      CASE NO.:_____

WELLS FARGO CLEARING SERVICES, LLC
f/k/a WELLS FARGO ADVISORS, LLC f/k/a
WACHOVIA SECURITIES, LLC,

          Defendant.

_____/

### COMPLAINT

Plaintiff, KAREN E. HENDERSON (hereinafter "Ms. Henderson"), by and through her

undersigned attorneys, sues Defendants, WELLS FARGO CLEARING SERVICES, LLC f/k/a

WELLS FARGO ADVISORS, LLC f/k/a WACHOVIA SECURITIES, LLC (hereinafter "Wells

Fargo" and/or "Defendant"), and alleges:

1.       This is an action for the recovery of funds misappropriated by Wells Fargo.

2.       Ms. Henderson is a resident of Okaloosa County, Florida, and thus is subject to the

jurisdiction and venue of this Court.

3.       Wells Fargo is a Delaware limited liability company, subject to the jurisdiction of

this Court because:

          a.      under Florida Statutes 48.193(1)(a), it has and continues to operate,

conduct, engage and carry on a business and/or business venture within the State of Florida,

including without limitation the brokerage services and transactions that are the subject of this

action;

          b.      under Florida Statutes 48.193(1)(a), it owns, uses, possesses or holds a lien

on leasehold and/or real property within the State of Florida; and

c.    under Florida Statutes 48.193(1)(a), it has executed contracts and breached said contracts in the State of Florida.

4.    Marcene Faye Kreifels-Hayman ("Dr. Hayman") was the primary care physician of Ms. Henderson and Ruth M. Henderson, Ms. Henderson's deceased mother ("R. Henderson"),

5.    At all relevant times to this action, Dr. Hayman had a position of trust and confidence with Ms. Henderson and R. Henderson, because Dr. Hayman was her primary physician.

6.    Utilizing the close physician/patient relationship and friendship between Ms. Henderson, R. Henderson, and Dr. Hayman, Dr. Hayman strongly encouraged that Ms. Henderson and R. Henderson inquire and employ Mr. Robert Kreifels with Wells Fargo to handle the investment of their monies in a brokerage account.

7.    Mr. Robert Kreifels ("Mr. Kreifels") is the brother of Dr. Hayman.

8.    At all relevant times set forth herein, Mr. Kreifels was an agent and employed by Wells Fargo as a financial advisor.

9.    Subsequently, on or around August 2009, Ms. Henderson and R. Henderson, Ms. Henderson's deceased mother, opened an investment account with Wells Fargo bearing Account Number XXXX-5326 (the "Brokerage Account").

10.    The Brokerage Account was titled in the name of Ruth M. Henderson and Ms. Henderson as Joint Tenants with Right of Survivorship.

11.    At all times relevant to this action, Mr. Kreifels was and is the only financial advisor assigned by Wells Fargo to handle the Brokerage Account.

12.    Subsequently, Dr. Hayman and her spouse began experiencing financial difficulties and needed additional monies to support their lavish lifestyle.

2

13.     Dr. Hayman and her spouse requested that Ms. Henderson extend loans to them.

14.     In order to extend the loans to Dr. Hayman, Ms. Henderson called Mr. Kreifels and advised him that his sister was asking her for a loan and that she needed monies to provide to Mr. Kreifels' sister.

15.     From March 18, 2008 through April 30, 2013, Ms. Henderson made seven (7) unsecured loans to the Defendants in the aggregate principal amount of $337,500.00 (hereinafter individually, interchangeably, and/or collectively the "Loan"). A true and correct copy of checks evidencing the Loan are attached hereto and incorporated herein as **Composite Exhibit "A"**.

16.     At no point did Wells Fargo and/or Mr. Kreifels advise Ms. Henderson regarding the conflict of interest between Wells Fargo and Ms. Henderson.

17.     At no point did Wells Fargo and/or Mr. Kreifels advise Ms. Henderson regarding their fiduciary duties to Ms. Henderson.

18.     Ms. Henderson did not become aware of the mishandling of the Brokerage Account or the existing conflict of interest until the resolution of the dispute concerning Dr. Hayman's bankruptcy proceedings and the Loan.

19.     Wells Fargo and Mr. Kreifels' actions on behalf of Wells Fargo resulted in a breach of their fiduciary duties owed to Ms. Henderson.

20.     As a result of the unequitable actions of Wells Fargo, Ms. Henderson was harmed.

## COUNT 1 – FRAUD

21.     Ms. Henderson re-alleges and incorporates Paragraphs 2 through 20, above as if fully set forth herein.

22.     This is an action for fraud with damages in excess of $30,000.00.

3

23.     Wells Fargo represented to Ms. Henderson, which Ms. Henderson fully relied upon, that they would provide and deliver the financial advisor services in her best interest.

24.     Wells Fargo, through its agents, knew at the time the misrepresentations and statements were made that they were false.

25.     Wells Fargo induced Ms. Henderson to maintain the Brokerage Account with Wells Fargo so that they could "churn" the account.

26.     Wells Fargo induced Ms. Henderson to sell certain stocks in her Brokerage Account so that Ms. Henderson could extend loans to Mr. Kreifels' sister.

27.     Ms. Henderson obviously would not have initiated these certain purchases and sales had Wells Fargo represented that they had a conflict of interest and/or that these purchases and sales were not in her best interest.

28.     But for the untrue, false and fraudulent statements by Wells Fargo as to it acting in her best interest in a fiduciary capacity, which Ms. Henderson fully relied upon, Ms. Henderson would not have purchased and sold the stocks and/or extended the loans to Mr. Kreifels' sister.

29.     As a result of the untrue, false and fraudulent statements by Wells Fargo, Ms. Henderson has been and continues to be severely damaged by Wells Fargo.

30.     WHEREFORE, Ms. Henderson hereby requests money damages for all damages against Wells Fargo, suffered by Ms. Henderson as may be determined by a jury, including interest, costs and reasonable attorney's fees, and for all other just and equitable relief.

### COUNT 2 – BREACH OF FIDUCIARY DUTY

31.     Ms. Henderson re-alleges and incorporates Paragraphs 2 through 20, above as if fully set forth herein.

4

32.     This is an action for breach of fiduciary duty with damages in excess of $30,000.00.

33.     This action for breach of fiduciary duty is founded upon fraud perpetrated by Wells Fargo.

34.     As Ms. Henderson's financial adviser, Wells Fargo owed Ms. Henderson a fiduciary duty.

35.     Wells Fargo breached its fiduciary duty by placing trades in the Brokerage Account for the benefit of Mr. Kreifels' sister, Dr. Hayman, without any disclosure of a conflict of interest and/or consideration of whether said trades were in Ms. Henderson's best interest.

36.     At no relevant time did Wells Fargo fully inform Ms. Henderson of the risks associated with the purchase or sale of the securities.

37.     As a result of Wells Fargo's continuing breach of their fiduciary duty to Ms. Henderson, Ms. Henderson suffered and continues to suffer damages.

38.     WHEREFORE, Ms. Henderson hereby requests money damages for all damages against Wells Fargo, suffered by Ms. Henderson as may be determined by a jury, including interest, costs and reasonable attorney's fees, and for all other just and equitable relief.

### COUNT 3 – EXPLOITATION OF A VULNERABLE ADULT

39.     Ms. Henderson re-alleges and incorporates Paragraphs 2 through 20, above as if fully set forth herein.

40.     This is an action for exploitation of a vulnerable adult with damages in excess of $30,000.00.

41.     Ms. Henderson is and has been a vulnerable adult, as defined by Florida Statute § 415.102(26), at least since January 2008 due to the infirmities of aging.

5

42.     Wells Fargo has a fiduciary relationship with Ms. Henderson, as defined by Florida Statute § 415.102(26), as Ms. Henderson's financial advisor.

43.     Wells Fargo exploited Ms. Henderson by breaching its fiduciary duty by placing trades in the Brokerage Account for the benefit of Mr. Kreifels' sister, Dr. Hayman, without any disclosure of a conflict of interest and/or consideration of whether said trades were in Ms. Henderson's best interest.

44.     Florida Statute § 415.1111 creates a cause of action against any person who has abused, neglected or exploited a vulnerable adult.

45.     Due to Wells Fargo's exploitive conduct, Ms. Henderson has sustained a financial loss amounting to no less than $30,000.00, recovery of which is authorized by Florida Statute § 415.1111.

46.     Ms. Henderson has incurred reasonable attorney's fees, costs and expenses as a result of Wells Fargo exploiting her. Florida Statute § 415.1111 authorizes recovery of these fees, costs and expenses.

47.     WHEREFORE, Ms. Henderson hereby requests money damages for all damages against Wells Fargo, suffered by Ms. Henderson as may be determined by a jury, including interest, costs and reasonable attorney's fees, and for all other just and equitable relief.

**DEMAND FOR JURY**

Ms. Henderson makes a demand for a jury trial on all issues so triable.

6

CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX LLC

By: */s/ Robert S. Rushing*
      Robert S. Rushing, Esquire
      Florida Bar No.: 0013946
      rushing@carverdarden.com
      Travis M. Morock, Esquire
      Florida Bar No.: 118823
      morock@carverdarden.com
      William R. Hahn, Esquire
      Florida Bar No.: 1025424
      hahn@carverdarden.com
      151 West Main Street, Suite 200
      Pensacola, Florida 32502
      Telephone: (850) 266-2300
      Attorneys for Plaintiff

7



DocuSign Envelope ID: [redacted] 5/2/2018 Page 1

KAREN E HENDERSON
RUTH M HENDERSON
PH. 850-243-1082
101 N LORRAINE DRIVE
MARY ESTHER, FL 32569-1817

4819
63-7007/2631

5/4/11 DATE

PAY TO THE ORDER OF Frank Hayman $ 78,000.00

Seventy eight thousand dollars & 00/100 DOLLARS

EGLIN FEDERAL CREDIT UNION
838 EGLIN PARKWAY NE
FORT WALTON BEACH, FLORIDA 32547-2701

Share Checking

FOR Karen E Henderson

[redacted] 4819

IMS Copy - Acct [redacted]806 - $78,000.00 - 5/5/2011

Frank Hayman

[redacted]

IMS Copy - Acct [redacted]806 - $78,000.00 - 5/5/2011

EXHIBIT
A

DocuSign Envelope ID: █████████████████████████                                              5/2/2018        Page 1

KAREN E HENDERSON                                                                4827
RUTH M HENDERSON                                                              64-767/2031
Ph. 850-243-1061
101 N LORRAINE DRIVE
MARY ESTHER, FL 32569-4617                     6/13/2011
                                                          DATE

PAY TO THE
ORDER OF   FRANK HAYMAN                                        | $ 84,000.00

Eighty four Thousand dollars — NO/XX DOLLARS

EGLIN FEDERAL CREDIT UNION                   Share Checking
438 MOWLWY WAY NE
FORT WALTON BEACH FLORIDA 32548-4761

FOR                                            Karen L. Henderson

4827

IMS Copy - Acct: ██906 - $94,000.00 - 6/6/2011

IMS Copy - Acct: ██906 - $94,000.00 - 6/6/2011

247000.00

DocuSign Envelope ID: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓                                    5/2/2018        Page 1



IMS Copy - Acct# ▓806 - $15,000.00 - 4/2/2012

IMS Copy - Acct# ▓806 - $15,000.00 - 4/2/2012









DocuSign Envelope ID: [redacted] 5/2/2018 Page 1

KAREN S HENDERSON
RUTH M HENDERSON
PH. 850-243-1898
101 N CORRAINE DRIVE
MARY ESTHER, FL 32569-1817

4968
63-7007/2631

10-26-12 DATE

PAY TO THE ORDER OF Frank Hayman $ 50000.00

Fifty thousand dollars + 00/100 DOLLARS

EGLIN FEDERAL CREDIT UNION
838 EGLIN PARKWAY NE
FORT WALTON BEACH, FLORIDA 32547

Share Checking

FOR

Karen S. Henderson

[redacted] 4968

IMS Copy - Acct [redacted]806 - $50,000.00 - 10/29/2012

Frank D Hayman

[redacted]

Date: 10/26/12
Batch: [redacted]
Seq: 166

IMS Copy - Acct [redacted]806 - $50,000.00 - 10/29/2012

DocuSign Envelope ID: [redacted] 8/2/2018 Page 2

KAREN E HENDERSON
RUTH M HENDERSON
PH. 850-243-1042
701 N LORRAINE DRIVE
MARY ESTHER, FL 32569-1817

5164
63-7607/2631

4-30-13 DATE

PAY TO THE ORDER OF Frank Hayman $ 20,000.00

Twenty Thousand dollars & 00/100 DOLLARS

EGLIN FEDERAL CREDIT UNION
FORT WALTON BEACH, FLORIDA

Share Checking

FOR

Karen E. Henderson

[redacted] 5164

IMS Copy - Acct: [redacted]906 - $20,000.00 - 8/2/2013

Frank Hayman

[redacted]

Date: 05/01/13
Batch: [redacted]
Seq: 23

IMS Copy - Acct: [redacted]906 - $20,000.00 - 8/2/2013

Operation Image Browser 2.0

| | | | | | |
|---|---|---|---|---|---|
| Site | VIEWPOINTS | Paid Date | 12202011 | Serial No | |
| Routing | | Account | 450 | PO | 000050 |
| Amount | 90000.00 | Sequence | | Capture Source | 00040004 |

Front Black & White Image

NEW ACCOUNT DEPOSIT

* personal account *

90000.00
90000.00
$ 90000.00

Back Black & White Image

Case 15-30605-JCO    Doc 158    Filed 01/15/19    Page 14 of 26

| Site | VIEWPOINTE | Paid Date | 12202011 | Serial No | 105 |
| Routing | | Account | 012 07 | PO | 000000 |
| Amount | 90000.00 | Sequence | 3888 | Capture Source | 00010004 |

Front Black & White Image



Back Black & White Image







Filing # 150754547 E-Filed 06/02/2022 03:13:43 PM

## IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

KAREN E. HENDERSON,

        Plaintiff,

v.                                      CASE NO.:_____

WELLS FARGO CLEARING SERVICES, LLC
f/k/a WELLS FARGO ADVISORS, LLC f/k/a
WACHOVIA SECURITIES, LLC,

        Defendant.

_____/

### SITUS DESIGNATION FORM

Pursuant to Administrative Directive 2012-04, I hereby certify the situs of this action to be:

( )    (a)    Courthouse – Crestview Situs ("North End") if:
             (1)    The cause of action accrued North of the situs line at Range Road 215 West and Range Road 213 East, as depicted on the attached map, said area to be designated as "North End" or
             (2)    The cause of action did not accrue in Okaloosa County, but at the time the action is filed, all defendants/respondents reside in the North End.

(X)    (b)    Okaloosa County Courthouse Annex Extension - Fort Walton Beach Situs ("South End") if:
             (1)    The cause of action accrued South of the situs line at Range Road 215 West and Range Road 213 East, as depicted on the attached map, said area to be designated as "South End" or
             (2)    The cause of action did not accrue in Okaloosa County, but at the time the action is filed, all defendants/respondents reside in the South End.

( )    (c)    Either Courthouse (Crestview) or Okaloosa County Courthouse Annex Extension (Fort Walton Beach) if:
             (1)    The cause of action did not accrue in Okaloosa County, and no defendant/respondent resides in Okaloosa County; or
             (2)    The cause of action did not accrue in Okaloosa County and the defendants/respondents reside in both the North End and the South End of Okaloosa County.

                                     If Plaintiff/Petitioner represented by attorney:

                                     */s/ Robert S. Rushing*
                                     Robert S. Rushing
                                     850-266-2300



**TMM / ALL**
**Transmittal Number: 25064421**
**Date Processed: 06/14/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | WF East - WF Advisors<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | Wells Fargo Clearing Services, LLC<br>Entity ID Number  1949082 |
| **Entity Served:** | Wells Fargo Clearing Services LLC |
| **Title of Action:** | Karen E. Henderson vs. Wells Fargo Clearing Services LLC f/k/a Wells Fargo Advisors, LLC f/k/a  Wachovia Securities, LLC |
| **Matter Name/ID:** | Karen E. Henderson vs. Wells Fargo Clearing Services LLC f/k/a Wells Fargo Advisors, LLC f/k/a  Wachovia Securities, LLC  (12440537) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Okaloosa County Circuit Court, FL |
| **Case/Reference No:** | 2022 CA 001672 F |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 06/13/2022 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Carver, Darden, Koretzky, Tessier, Finn, Blossman & Areaux LLC<br>850-266-2300 |
| **Client Requested Information:** | Matter Management User Groups: [LITIGATION WF Advisors]<br>Routing Rules (CSC): R0104<br>Classification: Standard |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**IN THE CIRCUIT/COUNTY COURT OF THE FIRST JUDICIAL CIRCUIT,
IN AND FOR OKALOOSA COUNTY, FLORIDA**

**KAREN E HENDERSON**
Plaintiff(s)

         vs

**WELLS FARGO CLEARING SERVICES LLC**
**f/k/a WELLS FARGO ADVISORS LLC**
**f/k/a WACHOVIA SECURITIES LLC**
Defendant(s)

Case No.: **2022 CA 001672 F**
Division: 002

DATE: 06/13/2022
TIME: 12 40 pm
INITIAL: B
ID#: 269

**Corporate Summons**

GREETINGS:

    YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in the above styled cause upon the defendant:

> WELLS FARGO CLEARING SERVICES LLC
> C/O CORPORATION SERVICE COMPANY
> 1201 HAYS STREET
> TALLAHASSEE, FL 32301-2525

    Each defendant is hereby required to serve written defenses to said complaint or petition on plaintiff's attorney, whose name and address is:

> ROBERT S RUSHING
> 801 W. ROMANA STREET, SUITE A
> PENSACOLA, FL 32502-4636

    Within 20 days after service of this summons upon the defendant, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court at the Okaloosa County Courthouse, 101 East James Lee Boulevard, Crestview, Florida 32536 or the Okaloosa County Courthouse Annex Extension, 1940 Lewis Turner Boulevard, Fort Walton Beach, FL 32547 either before service on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    WITNESS my hand and the seal of said Court on June 3, 2022.

JD PEACOCK II
CLERK OF CIRCUIT COURT AND COMPTROLLER

By: *Krystina Morgan*

KRYSTINA N MORGAN , Deputy Clerk

If you are a person with disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:

> Court Administration, ADA Liaison
> Okaloosa County
> 1940 Lewis Turner Boulevard
> Fort Walton Beach, Florida 32547
> Phone (850) 609-4700 Fax (850) 651-7725
> ADA.Okaloosa@flcourts1.gov

At least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

IN THE CIRCUIT/COUNTY COURT
IN AND FOR OKALOOSA COUNTY, FLORIDA
CIVIL DIVISION

KAREN E HENDERSON

    Plaintiff,                      Case No.: 2022 CA 001672 F

v.                             Division:

WELLS FARGO CLEARING SERVICES LLC

    Defendant.

_____/

## ORDER TO PLAINTIFF REGARDING REQUIRED REPORTING

THIS CAUSE, having come before the Court *sua sponte* upon the filing of this action and pursuant to First Judicial Circuit Administrative Order No. 2021-12, it is hereby,

ORDERED and ADJUDGED that the Plaintiff **shall** do the following:

1. Review and become familiar with First Judicial Circuit Administrative Order No. 2021-12.

2. Within 5 days of service of the complaint on the last of all named Defendants file a Notice of Final Service with the Court that includes the following:

    a. Notice that the last of all named Defendants to be served has been served and the date of said service.

    b. A proposal as to whether the case is complex under Fla. R. Civ. P. 1.201, streamlined, or general as defined in First Judicial Circuit Administrative Order No. 2021-12 and a statement as to whether the Defendant concurs in the proposed designation.

3. Upon filing the Notice of Final Service required in paragraph 2, the Plaintiff shall also send a copy of said Notice to the assigned Judge's Judicial Assistant via the Proposed Documents function of the ePortal.

4. Failure of the Plaintiff to strictly comply with this Order shall subject the Plaintiff to appropriate sanctions including, but not limited to, the striking of pleadings or dismissal of this action without prejudice.

DONE AND ORDERED on June 3, 2022 in Chambers at Okaloosa County, Florida.

/S/ WILLIAM F. STONE
WILLIAM F. STONE, CIRCUIT JUDGE
OKALOOSA COUNTY ADMINISTRATIVE JUDGE

Conformed copies to:
Plaintiff/ Plaintiff's Attorneys: